# Robert Phillips *versus* The Zerbe Run and Shamokin Improvement Company.

A conveyance of land to a trustee, in trust, with power to sell in two years for payment of a creditor named in the deed, "and if any balance remain after payment of said creditor, then to pay over the same to the grantor," is not void as regards subsequent creditors.

If the power to sell in such deed is not executed within the time limited, the trust is not thereby ended, nor is the land subject to levy and sale by the subsequent creditors of the grantor.

Where land conveyed in trust had been sold for taxes, the legal effect of payment of the purchase-money to the purchaser, by the grantor in the deed, or his *cestui que trust*, was simply to discharge the tax sale.

Where the defendant in an execution had no title to the land in question when the plaintiff's judgment was entered, nor when the sheriff's sale was made, it was error in the Court not to instruct the jury peremptorily that plaintiff could not recover.

ERROR to *Northumberland county*.

The land for which this ejectment was brought, was surveyed on a warrant granted to John Kreighbaum and Henry Reed, June 15, 1804, and by several intermediate conveyances became vested, on the 25th September, 1829, in Joseph Lyon, under whom both parties claimed.

[Phillips v. Zerbe Run and Shamokin Improvement Company.]

Phillips, the plaintiff, obtained judgment against Lyon on the 23d December, 1837, on which the land was levied and sold by the sheriff, and bought by the plaintiff, to whom the sheriff conveyed it August 2, 1841. The plaintiff entered upon the land, and remained in possession until 1846.

The defendants then showed that, on the 13th July, 1831, Lyon and his wife conveyed the land to Burd Patterson, "in trust that he should, in two years from the date of the said deed, sell by public or private sale the said land, and with the proceeds thereof pay to the Miners' Bank of Pottsville all moneys due by him to the said bank in full, if sufficient, and the balance, if any, remain to him, the said Lyon."

Patterson did not sell within the two years; but, with Lyon's consent, and under the power in the deed of trust, exposed the said land to public sale on the 27th May, 1847, and by his deed of 30th November, 1847, conveyed the same to the Miners' Bank, under whom defendants claim.

The plaintiff then adduced evidence to show that the taxes upon the tract in question for the years 1832 to 1835, remaining unpaid, it was sold by the treasurer of the county in 1836 to Hugh Bellas, Esq., who testified that he held the deed from the treasurer, dated the 30th July, 1836; that he had paid the treasurer the taxes and costs, $10.17; that he informed Joseph Lyon of the purchase, and what he had paid, and he promised to repay Mr. Bellas (as appears by a letter exhibited by Mr. Bellas, dated Philadelphia, June 28, 1836), and added: "I am satisfied he repaid me what I had paid, as above stated. I was agent and attorney for Joseph Lyon in 1836, and for a number of years before and afterwards."

The defendants gave in evidence a deed from Hugh Bellas and wife to the Miners' Bank, Burd Patterson, Joseph Lyon, and H. Holkins, dated June 30, 1838, for two undivided third parts of eleven tracts, among them the tract in controversy—consideration $1—to have and to hold their respective interests therein.

And John Shippen, president of the Miners' Bank, testified "that, from the time the trust deed was made to Patterson, the Miners' Bank paid all the taxes on the tract in dispute;" and gave in evidence a draft, dated 21st June, 1836, drawn by Charles G. Donnel on John Shippen, president of the Miners' Bank, in favour of H. Bellas, for $52.02, "for land-taxes paid by him for you and J. Lyon;" and testified that the amount was paid by the bank on its own account, and that the $10.17 paid by Mr. Bellas on the tract in dispute, was included in this draft, and paid by the bank.

In the course of the trial below, the defendants gave evidence of title out of the Commonwealth, granted by warrant to Benjamin F. Young, in 1793, accompanied by proof that the survey made and returned upon it, included the Reed and Kreighbaum

[Phillips *v.* Zerbe Run and Shamokin Improvement Company.]

survey, and traced the title through divers intermediate conveyances to the defendants; but in view of the preceding facts, the Court deemed this evidence immaterial.

The Court charged the jury on the material facts, in substance, that the purchase of the tract in controversy by Mr. Bellas for taxes, was a purchase in trust for Joseph Lyon; that the plaintiff's purchase at sheriff's sale of Lyon's interest on the 2d August, 1841, and his deed of 6th January, 1842, which were had upon his judgment against Lyon, would only be a lien upon what interest Lyon had in the tract at the date of the judgment, and the purchaser at sheriff's sale would take no greater interest. The interest Lyon then held was the title to the tract from the Commonwealth, and this was bound by plaintiff's judgment, if the title had not been divested by Lyon's deed to Patterson of July 13, 1831, in trust (as above stated). This deed limited the power of Patterson to sell in execution of the trust to two years, and he not having executed the power for near fifteen years, the land would be subject to levy and sale by the creditors of Lyon. But Mr. Bellas holding as trustee for Lyon, or Lyon redeeming the tax title within two years, the title never was divested by the tax sale.

Verdict for defendant.

*Rockafeller* and *Comly*, for plaintiff in error.

*Packer* and *Maynard*, for defendant in error.

For the plaintiffs it was urged that the purchase of Bellas for taxes was made for Lyon, Bellas being the agent of Lyon at the time; that the deed of Bellas to Lyon did not operate as a redemption, although it was within one day of two years from the sale, and Lyon must be considered as the original purchaser from the treasurer—the act of the agent being the act of the principal.

2d. The purchase by Bellas for Lyon at treasurer's sale did not operate as a redemption, if the position of defendants be true that Lyon had no interest in the *land*, but only to the *surplus* reserved to him upon a sale under the deed of trust. If Lyon had no title, or but an imperfect one, what was there to prevent him from becoming the purchaser at treasurer's sale? He did not purchase the Reed and Kreighbaum title, but the *land* itself.

3d. After the expiration of the two years limited for the sale of the tract in dispute under the deed of trust, the trustee had no power to sell, and the time limited for the execution of the trust having expired, the deed conveyed no title. The deed of trust was fraudulent on its face, in limiting the surplus, after payment of the debt specified to the grantor. The object was to cover the property.

For defendant: Joseph Lyon was the undisputed owner of the

tract when he conveyed it to Patterson. The trust created by the deed was a subsisting continuing trust. No length of time can be a bar to a *direct* trust, and the privity existing between the trustee and the *cestui que trust* makes the possession of the one the possession of the other: 24 *Law Library* 310. The failure to sell in two years could not operate a forfeiture or abandonment of the trust estate. An assignment for the benefit of creditors, once accepted by the assignee, is vested for their benefit, and a subsequent renunciation by the grantee does not affect the validity of the conveyance: Klapp's Assignees *v.* Shirk, 1 *Harris* 592. The trust was fair and valid at its inception, and was a fraud on no one, much less on plaintiff, whose claim did not commence till 1837. Its terms were not for all creditors *in futuro*, but for payment of a specified debt; and the only parties having interest in it were, Lyon the grantor, the trustee Patterson, and the *cestui que trust*, the Miners' Bank.

2d. As to the tax sale. Mr. Bellas proves no more than a general agency for Lyon, and not specific, for the purchase of the land in question, and the payment of the purchase-money to him by the bank is fully proved. The deed of Bellas to the bank, Lyon, and Patterson, shows the understanding of the parties at the time, and this was before the period allowed for redemption had elapsed, and the conveyance was, in effect, a redemption: 9 *Harris* 480.

The opinion of the Court was delivered by

KNOX, J.—In our view of this case, several of the errors assigned are immaterial, and they will not be particularly noticed.

The plaintiff has no title to the land in dispute, unless he can establish, 1st, That the deed of 13th July, 1831, from Joseph Lyon and wife to Burd Patterson in trust, to sell and pay the proceeds to the Miners' Bank of Pottsville, did not pass the title, as regards the subsequent creditors of the grantor; or, 2d, That the purchase at the treasurer's sale by Mr. Bellas, in July, 1836, divested the title of the trustee, Burd Patterson, and restored that of the former owner, Joseph Lyon.

The conveyance from Lyon and wife to Patterson is assailed because it is alleged to be fraudulent as to creditors, for the reason that, after the payment of the debt due to the Miners' Bank, the proceeds of the sale of the land were to be paid to the grantor; and it is also claimed by the plaintiff that, upon a failure to sell within the time mentioned in the deed, the trust was at an end, and the property was subject to levy and sale by the creditors of Lyon, the grantor in the deed of trust.

We are of opinion that neither of these positions can be sustained.

By the deed of trust, the tract of land in dispute was dedicated

[Phillips *v.* Zerbe Run and Shamokin Improvement Company.]

to the payment of the debt due to the Miners' Bank, and there is nothing to show at that time, or for several years after, that the plaintiff in the action was a creditor of Joseph Lyon; and if he were not, he cannot complain that property was placed in the hands of a trustee to sell for the benefit of a *bonâ fide* creditor; and neither can he say that the trust was discharged, because it was not fully executed within the time mentioned in the deed.

As Joseph Lyon was entitled to the proceeds of the sale after payment of the debt due to the Miners' Bank, it is possible that a purchaser at sheriff's sale of his interest in the land, would stand in his shoes in claiming the fund; but this is of no moment in the case before us, as the land did not sell for a sum sufficient to pay the debt due to the bank.

There was no evidence given upon the trial from which the jury could have found that Mr. Bellas purchased the land at treasurer's sale for Mr. Lyon, so as to divest the title of the trustee.    Even if Mr. Lyon repaid to Mr. Bellas the taxes and costs paid by the latter on the purchase, it would have amounted to a redemption and nothing more, and that such was the intention of the parties is clear from the conveyance subsequently made by Mr. Bellas to the parties in interest, in which the tax sale was treated in no respect as affecting the title which the several parties had, before it took place.    Under the evidence it was pretty clear that the taxes and costs were repaid to Mr. Bellas by the Miners' Bank, the beneficiary in the trust deed; but the legal effect of the payment, coming from Lyon or the bank, was simply to discharge the tax sale.

As Joseph Lyon had no title to the land in dispute when the plaintiff's judgment was entered, nor when the sheriff's sale was made, the plaintiff took nothing by his purchase, and of course cannot recover in ejectment, whether the defendants showed title or not.    The instructions of the Court should have been peremptory against the plaintiff.    The case was submitted on a question of location, and although there was error in this, the plaintiff cannot take advantage of it.

Judgment affirmed.